

222 Delaware Avenue • Suite 900  
P.O. Box 25130 • Wilmington, DE 19899  
Zip Code For Deliveries 19801

Writer's Direct Access:  
(302) 429-4232  
Email: sbrauerman@bayardlaw.com

March 13, 2015

**BY CM/ECF & HAND DELIVERY**
The Honorable Leonard P. Stark
Chief United States District Judge
United States District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

Re: *Orthophoenix LLC v. Ascendx Spine Inc. et al.,* C.A. No. 13-1002-LPS;
   *Orthophoenix LLC v. Dfine Inc. et al.,* C.A. No. 13-1003-LPS;
   *Orthophoenix LLC v. Osseon Therapeutics Inc. et al.,* C.A. No. 13-1004-LPS; 13-1008;
   *Orthophoenix LLC v. Wright Medical Tech. Inc. et al.,* C.A. No. 13-1007-LPS;
   *Orthophoenix LLC v. Stryker Corporation, et al. v. Orthophoenix LLC,*
      *IP Navigation Group, LLC, Medtronic, Inc.,* C.A. No. 13-1628-LPS

Dear Chief Judge Stark:

In view of several recent developments, the parties hereby submit an interim status report detailing the nature of the matters in issue and the progress of discovery to date. This letter supersedes the Status Letter Orthophoenix, LLC filed on February 24, 2015 (D.I. 29 in C.A. No. 13-1002-LPS; D.I. 33 in C.A. No. 13-1003-LPS; D.I. 43 in C.A. No. 13-1004-LPS; D.I. 38 in C.A. No. 13-1007-LPS; D.I. 43 in C.A. No. 13-1008-LPS; D.I 76 in C.A. No. 13-1628-LPS), which Orthophoenix has now withdrawn (D.I. 31 in C.A. No. 13-1002-LPS; D.I. 36 in C.A. No. 13-1003-LPS; D.I. 45 in C.A. No. 13-1004-LPS; D.I. 40 in C.A. No. 13-1007-LPS; D.I. 45 in C.A. No. 13-1008-LPS; D.I 79 in C.A. No. 13-1628-LPS).

**Nature of Matters in Issue**

Plaintiff Orthophoenix LLC accuses Defendants Ascendx Spine Inc., Dfine Inc., Osseon Therapeutics Inc., Osseon, LLC, Wright Medical Technology Inc., and Stryker Corporation of infringing various patents owned by Orthophoenix. Defendant Stryker has counterclaimed against Plaintiff Orthophoenix, IP Navigation Group, LLC and Medtronic, Inc., asserting a Sherman Act antitrust violation.

The parties submitted a Joint Proposed Scheduling Order on July 15, 2014. (D.I. 12 in C.A. No. 13-1002). The Court conducted a Scheduling Teleconference on October 14, 2014, and ordered the parties to submit a revised Joint Proposed Scheduling Order, which the



parties filed on October 20, 2014.  (D.I. 25 in C.A. No. 13-1002).  No scheduling order has been entered by the Court.

**Motions to Stay and/or Bifurcate**

On July 31, 2014, Defendant Wright Medical filed a Motion to Stay Pending *Inter Partes* Review.  (D.I. 17 & 18 in C.A. No. 13-1007).  Defendants Ascendx and Dfine joined in the Motion.  On August 15, 2014, Dfine filed a Motion to Stay Pending Inter Partes Review.  (D.I. 16 in C.A. No. 13-1003).  On August 21, 2014, Ascendx filed a Motion to Stay Pending *Inter Partes* Review.  (D.I. 16 in C.A. No. 13-1002).  The PTAB denied institution of *inter partes* review and as a result, Dfine withdrew its stay motion.  Wright Medical and Ascendx declined to withdraw their respective motions on the grounds that Wright Medical had requested rehearing of the PTAB's decision declining to institute *inter partes* review on the patents-in-suit.  (*See* D.I. 34 in C.A. No. 1007).  However, on February 12 and 17, 2015, the PTAB denied Wright Medical's request for rehearing in IPR2014-00908 and IPR2014-00912, respectively.  Accordingly, Wright Medical has filed a notice of withdrawal of its motion to stay with respect to U.S. Patent Nos. 6,440,138 and 6,863,672.  Ascendx intends to also withdraw its motion to stay with respect to those patents and U.S. Patent No. 7,909,827.

On September 26 and 30, 2014, Counterclaim Defendants Orthophoenix, IP Navigation Group, and Medtronic filed motions to stay and bifurcate Stryker's antitrust counterclaim.  (D.I. 41-44.)  On October 28, 2014, Stryker opposed the motions.  (D.I. 51.)  Those motions are still pending.  Pending resolution of the motions, discovery is proceeding on all matters relating to the claims, defenses, and counterclaims pertaining to Orthophoenix's patent infringement claims including to the extent such discovery overlaps with Stryker's antitrust counterclaim, but not on matters that relate solely to Stryker's antitrust counterclaim.

On November 13, 2014, Stryker filed a motion to stay Orthophoenix's patent infringement suit with respect to four patents-in-suit that are <u>asserted only against Stryker</u> (U.S. Patent Nos. 6,623,505, 6,280,456, 7,153,307, and 6,241,734), and for which Stryker filed petitions for *inter partes* review.[1]  (D.I. 56-57 in C.A. 13-1628.)  Orthophoenix filed a Notice of Non-Opposition Regarding Stryker's Motion to Stay in response to Stryker's request to stay litigation on the four patents it challenged before the PTAB.  (D.I. 70 at 3 in C.A. 13-1628.)  Medtronic also filed a Response to Stryker's Motion to Stay.  (D.I. 69 in C.A. No. 13-1628).  On February 12, 2015, the PTAB instituted *inter partes* review on U.S. Patent Nos. 6,241,734 and 7,153,307. On February 25, 2015, the PTAB instituted *inter partes* review on U.S. Patent No. 6,280,456. On March 6, 2015, the PTAB instituted *inter*

---

[1] Stryker has been accused of infringing ten Orthophoenix patents.



*partes* review of U.S. Patent No. 6,623,505. Pending resolution of the motion to stay, given Orthophoenix's Non-Opposition, the parties have agreed to stay discovery on the patent case with regard to those four patents and discovery is proceeding on the remaining six patents.

**Discovery to Date**

Protective Order

The parties are currently negotiating a protective order and hope to submit it for the Court's approval shortly. The parties have agreed that defendants' confidential information will not be disclosed to outside counsel of other defendants' without advance authorization. The parties are currently working towards resolving additional protective order disputes and finalizing a proposed protective order.

Defendants' Production of Core Technical Documents and Sales Data:

Plaintiffs' statement: Plaintiff contends that, in the absence of the Court's entry of a Scheduling Order, Paragraph 4 of the Delaware Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") controls the disclosure deadlines for Plaintiff's Paragraph 4(a) and 4(c) disclosures, and Defendants' Paragraph 4(b) and 4(d) disclosures. Defendants assert that because the parties entered a joint proposed scheduling order that modified the dates applicable to the Default Standard, that somehow in the absence of entry of a scheduling order, Defendants are excused from the obligations of the Default Standard. Plaintiff has never agreed that Defendants are excused from their discovery burdens. Accordingly, Plaintiff served its Paragraph 4(a) disclosures identifying accused products on August 29, 2014, for all Defendants. Defendants failed to produce their core technical document productions thirty days later as required by Paragraph 4(b) of the Default Standard because the Court had not yet entered a Scheduling Order.

Defendants' statement: This is the first time that Plaintiff has advised Defendants that it believes the Delaware Default Standard for Discovery should set forth the schedule for this case. To the contrary, both parties proposed modifications to the Standard in the two draft joint scheduling orders which were submitted to the Court. Those proposals were modeled after Chief Judge Stark's Procedures for Managing Patent Cases. Indeed, when the issue of the Delaware Default Standard was raised during discussions last year, Plaintiff acknowledged that the draft schedule deviated from the default provisions. In any event, pursuant to Paragraph 6 of the Joint Proposed Scheduling Order filed and agreed to by all parties on October 20, 2014, Defendants' requirement to produce core technical documents related to their respective accused products is not triggered until the Court's entry of the Order. *See* D.I. 25 in C.A. No. 13-1002 at ¶6(a). At that time (October 20, 2014), Plaintiffs knew that they had already made their purported August 29th production yet still did not assert that the Default Standard applied or that Defendants were deficient in any way.



The following is a summary of the discovery conducted to date.

Defendant Stryker produced core technical documents and sales figures on February 25, 2015. Plaintiff is currently reviewing Stryker's production of core technical documents. Stryker states that, long ago, it had agreed to produce core technical documents and sales figures once the issue surrounding which outside counsel had access to confidential information under the Protective Order had been resolved. However, despite several requests, it was not until February 23 that Stryker received Orthophoenix's confirmation that it would not disclose Stryker's confidential information to outside counsel in other cases.

Defendant Osseon produced core technical documents on January 12, 2015. Plaintiff believes this production is deficient in that it does not include, among other things, the requested FDA filings and applications or Osseon's sales data. Plaintiff is attempting to meet and confer with Osseon regarding its production to secure a date certain by which it will complete the production of core technical documents.

Defendant Wright Medical has produced no documents to date, but has offered to produce core technical documents on the condition that such production does not trigger the respective deadlines for Plaintiff's infringement contentions and Wright Medical's invalidity contentions pursuant to paragraph 6 of the Joint Proposed Scheduling Order. On February 23, 2015, the parties filed a joint letter requesting a discovery teleconference (D.I. 35 in C.A. 13-1007). Plaintiff intends to request an Order from the Court compelling Wright Medical's production of core technical documents and ordering that said production triggers attendant deadlines for the parties' infringement and invalidity contentions. Wright Medical opposes this request and believes that the agreed-upon Joint Proposed Scheduling Order addresses this issue. Pursuant to paragraph 6 of the Joint Proposed Scheduling Order, Wright Medical's production of core technical documents is not due until thirty days (Wright's proposal) or seven days (Plaintiff's proposal) from entry of the Scheduling Order. *See* D.I. 30 in C.A. No. 1007. Wright Medical maintains that, absent an agreement that its production of core technical documents does not trigger the attendant case deadlines, production of core technical documents would lead to confusion because such attendant case deadlines are (i) timed off the core document production date, and (ii) currently disputed by the parties. In any event, Wright Medical believes the parties can address this issue in a new proposed Scheduling Order to be submitted to the Court. Plaintiff maintains that Wright Medical's production of core technical documents is long overdue, as they should have been produced 30 days after Plaintiff provided its disclosure of accused products on August 29, 2014. Further, any concerns regarding confusion are misplaced given that Defendants Stryker, Osseon, and Dfine have already produced core technical documents.

Defendant Dfine produced core technical documents and sales data on February 12, 2015. Plaintiff is in the process of reviewing these documents, and preparing its Paragraph 4(c) infringement contentions pursuant to the Default Standard.



Defendant Ascendx has produced no documents to date. Ascendx has offered to produce core technical documents on the condition that such production does not trigger the deadline for Ascendx's invalidity contentions pursuant to paragraph 6 of the Joint Proposed Scheduling Order and related deadlines, pending entry of the Joint Proposed Scheduling Order or other agreement. The parties are meeting and conferring regarding Ascendx's production of core technical documents.

<u>Written Discovery to Defendants</u>

Plaintiff has served interrogatories and requests for production of documents on all defendants and defendants have responded.

Stryker served objections and responses to Plaintiffs' written discovery on August 25, 2014. The parties exchanged initial letters regarding alleged deficiencies.

Osseon served objections and responses to Plaintiff's written discovery on November 17 and 18, 2014, but has produced no documents in response, aside from its initial production of core technical documents on January 12, 2015, which Plaintiff believes is deficient. On December 22, 2014, Plaintiff sent a letter to Osseon identifying various deficiencies in Osseon's responses to interrogatories and requests for production, and requesting that the parties meet and confer. Osseon has not responded to this letter, but the parties are now coordinating a time to meet and confer.

Wright Medical served objections and responses to Plaintiff's written discovery on August 25, 2014 but has produced no documents. On December 22, 2014, Plaintiff sent a letter to Wright Medical identifying various alleged deficiencies in Wright Medical's responses to interrogatories and requests for production and requesting that the parties meet and confer. Because Wright Medical's Motion to Stay was then pending, Wright Medical objected on the basis that any such further supplemental discovery was premature. In view of the PTAB's decision denying Wright Medical's Request for Rehearing of its IPR petitions, however, Wright Medical has agreed to supplement its written discovery responses on or before March 31, 2015.

Dfine served objections and responses to Plaintiff's written discovery on September 8, 2014 but has produced no documents. On December 23, 2014, Plaintiff sent a letter to Dfine identifying various issues that Plaintiff felt were deficient in Dfine's responses. The parties met and conferred, and Dfine has agreed to supplement its responses, to the extent necessary, by February 27, 2015.

Ascendx served objections and responses to Plaintiff's written discovery on August 25, 2014, but has produced no documents. On December 23, 2014, Plaintiff sent a letter to Ascendx identifying various deficiencies in Ascendx's responses to interrogatories and requests for production and requesting that the parties meet and confer. The parties are meeting and conferring regarding Ascendx's document production.



### Written Discovery to Orthophoenix

On October 21, 2014, Stryker served interrogatories and requests for production of documents on Orthophoenix. Plaintiff served objections and responses to Stryker's interrogatories and requests for production on November 24, 2014. The parties exchanged initial letters regarding deficiencies in Orthophoenix's responses and will reassess the responses once Orthophoenix produces additional documents.

Plaintiff produced 8,004 pages of documents and continues to collect, review, and produce responsive documents. The production to date includes the file histories of the patents-in-suit (which were produced in August 2014), the patent purchase agreement, and certain licenses to the patents-in-suit between Orthophoenix and third parties (which were produced in December 2014 and January and February 2015). Stryker has repeatedly requested that prior art relevant to the patents-in-suit and related patents be produced so that the parties are not prejudiced in preparing their defenses. Orthophoenix and IP Navigation Group have informed Stryker that all prior art identified in their respective document collection efforts has been produced. Given that no prior art has separately been produced and IP Navigation Group has produced no documents, Stryker is investigating these assertions.

### Written Discovery to Medtronic

On October 21, 2014, Stryker served Medtronic with requests for production. On November 24, 2014, Medtronic served objections and responses refusing to produce documents in response to the vast majority of Stryker's requests for production. Stryker is in the process of working with Medtronic to attempt to resolve some of the discovery disputes between the parties. It appears that many of the issues have been resolved. However, Stryker states that, if Medtronic maintains its objections, Stryker may need to seek assistance from the Court. Medtronic states that, likewise, if Stryker continues to seek improper discovery, Medtronic may need to seek protection from the Court.

### Written Discovery to IP Navigation Group

On October 21, 2014, Stryker served requests for production of documents on IP Navigation Group. IP Navigation Group served objections and responses to Stryker's requests for production on November 24, 2014. IP Navigation has not produced any documents to date. The parties exchanged initial letters regarding alleged deficiencies in Orthophoenix's responses. Stryker will reassess IP Navigation Group's responses after IP Navigation Group produces documents.

### Patent Rule Disclosures

Plaintiff contends that it has served its Paragraph 4(a) disclosures identifying accused products on August 29, 2014, for all Defendants. Stryker objected to that document as



deficient. For example, in the parties' Joint Proposed Scheduling Order (Doc. No. 21 at ¶ 5(a)), the parties agreed that Orthophoenix would produce its "damages model" as part of its disclosures. However, while Orthophoenix's disclosures referenced licensing agreements to be produced, Orthophoenix did not even start producing agreements until after December 23, 2014. Other agreements were produced in January and February 2015.

Plaintiff states that, pursuant to Paragraph 4(c) of the Default Standard and paragraph 6.c. of the Joint Proposed Scheduling Order, Plaintiff served its initial infringement contentions with respect to Osseon on February 11, 2015.

Plaintiff and Dfine have agreed that Plaintiff's initial infringement contentions with respect to Dfine shall be due on March 16, 2015, and that Dfine's initial invalidity contentions shall be due on April 16, 2015.

With regard to Stryker, Plaintiff has not specifically addressed the issue regarding when the deadline for patent rule disclosures shall trigger other than what was set forth in the draft scheduling order. As set forth in the final section below, Stryker asserts that a new draft scheduling order should be submitted given the changes in the posture of the case including the fact that several IPRs were instituted. Plaintiff states that, pursuant to Paragraph 4(c) of the Default Standard and paragraph 6.b of the Joint Proposed Scheduling Order, Plaintiff will produce its infringement contentions within 30 days of February 25, 2015. Plaintiff maintains that, pursuant to Paragraph 4(d) of the Default Standard, Stryker's initial invalidity contentions are due 30 days after Plaintiff serves its infringement contentions. Stryker contends that Orthophoenix modified the Default Standard and that, instead, one of the competing proposals contained in the joint scheduling order would govern upon entry of the schedule. However, Stryker notes that the parties plan to submit a revised proposal either way.

Plaintiff has not reached agreement with Wright Medical or Ascendx as to when the deadlines for patent rule disclosure set forth in the Default Standard and the Joint Proposed Scheduling Order shall trigger.

New Proposed Scheduling Order

In view of the above, several dates and other proposals in the Proposed Scheduling Order submitted on October 20, 2014, are no longer appropriate. The parties will submit a new proposed Scheduling Order to address these changes.

Orthophoenix's Statement: Orthophoenix proposes submitting this on Friday, March 6, 2015. Orthophoenix provided a draft revised proposed scheduling order on March 3, 2015, agreeing to several issues previously in dispute. Despite repeated requests to commit to a date certain by which the parties will submit a revised proposed scheduling order to the Court, Defendants have failed to commit to *any* date. Further, Defendants have failed to provide any proposed edits to the draft provided by Orthophoenix. Orthophoenix is



The Honorable Leonard P. Stark
March 13, 2015
Page 8

concerned Defendants are attempting to needlessly delay the filing of a revised proposed scheduling order.

Defendants' Statement:  Defendants are surprised that Orthophoenix contends that Defendants are somehow delaying proposal of a new schedule since it was Defendants who proposed that a new schedule be submitted in the first place. Defendants have repeatedly agreed to work with Plaintiffs on submitting a Revised Joint Proposed Scheduling Order. Defendants will review the new proposed schedule that Orthophoenix provided after business hours on March 3, 2015 and respond promptly. However, Defendants believe that it is unreasonable to expect that all five Defendants and counterclaim Defendants provide joint comments and that Orthophoenix will agree to those comments within effectively two business days. It has taken over a week for the parties to agree to the subject joint status letter, despite Orthophoenix indicating over a week ago that it would be willing to withdraw its unilateral letter in favor of a joint letter. There is no reason to commit to an unworkable date, to have to further burden the Court with extensions on that date. Defendants continue to agree to work with Plaintiffs to revise the Proposed Scheduling Order and will begin doing so upon submission of this letter.

Respectfully submitted,

/s/ Stephen B. Brauerman

Stephen B. Brauerman (sb4952)

SBB:tm
cc:  All Counsel