IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ORTHOPHOENIX, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-1003-LPS |
| | ) | |
| DFINE, INC., JOHN AND/OR JANE DOES 1-100, | ) ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| ORTHOPHOENIX, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-1004-LPS |
| | ) | Civil Action No. 13-1008-LPS |
| OSSEON THERAPEUTICS INC., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| ORTHOPHOENIX, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-1007-LPS |
| | ) | |
| WRIGHT MEDICAL TECHNOLOGY INC., ET AL., | ) ) | |
| | ) | |
| Defendants. | ) | |

| ORTHOPHOENIX, LLC, | ) |
|---|---|
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 13-1628-LPS |
| | ) |
| STRYKER CORPORATION, ET AL., | ) |
| | ) |
| v. | ) |
| | ) |
| ORTHOPHOENIX LLC, | ) |
| IP NAVIGATION GROUP, LLC, | ) |
| MEDTRONIC, INC. | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington this **28th** day of **April, 2015**:

Having conducted teleconferences with the parties in these various related matters on October 14, 2014 and again on April 27, 2015; and

Having reviewed all pertinent filings, including the pending motions, briefing, status reports, and proposed scheduling orders;

**IT IS HEREBY ORDERED that:**

1. The motion to bifurcate and stay the antitrust counterclaim (C.A. No. 13-1628 D.I. 41) filed by Stryker Corporation ("Stryker") against Plaintiff and counterclaim defendant Orthophoenix LLC ("Orthophoenix") and against counterclaim defendants IP Navigation Group, LLC ("IPNav") and Medtronic, Inc. ("Medtronic"), is **GRANTED**. All discovery and proceedings that relate solely to the antitrust counterclaim are **STAYED**. Discovery relating to the validity (or infringement) of the patents-in-suit is not stayed.

These related cases are already large and complex and the Court concludes that the best exercise of its discretion is to focus the parties on litigating the 15 patents-in-suit (although proceedings with respect to four of the patents will be stayed, as noted below), and the multiple accused products sold by the various defendant groups. Stryker's antitrust counterclaim raises complex issues potentially requiring discovery well beyond what is relevant to patent infringement and invalidity. While there may be considerable overlap between the antitrust and patent issues, there will also likely be substantial and expensive discovery that is related solely to antitrust issues, and which may prove to be largely or entirely unnecessary after resolution of the patent issues. There is also a likelihood that, absent a stay, a trial of patent infringement, patent validity, *and* antitrust issues before the same jury may lead to jury confusion. Overall, the circumstances do not warrant departure from the Federal Circuit's general guidance that antitrust issues should typically be bifurcated in patent cases. *See In re Innotron Diagnostics*, 800 F.2d 1077, 1084-85 (Fed. Cir. 1986); *see also Masimo Corp. v. Philips Electronics North Am. Corp.*, 742 F. Supp.2d 492, 496 (D. Del. 2010) ("Bifurcation of patent and antitrust claims is not mandatory, but it is common.").

2. By separate order, the Court will **APPOINT** a special master to handle all discovery disputes. The special master will resolve all discovery disputes that may arise, including any disputes as to whether particular discovery sought is related solely to antitrust issues, in which case such discovery shall not be permitted during the pendency of the stay, or relates at least in part to patent infringement and/or invalidity, in which case such discovery may be permitted notwithstanding the stay.

3. Stryker's motion to stay with regard to four patents pending *inter partes review*

2

(D.I. 56), which is not opposed by Orthophoenix (D.I. 70),[1] is **GRANTED**.

4. With respect to scheduling, the parties are directed to **SUBMIT** a revised proposed scheduling order, no later than **May 4, 2015**, which shall incorporate the following rulings, as well as any other dates and/or provisions to which the parties all agree:

- a. the parties shall make their initial disclosures pursuant to F.R.C.P. 26(a)(1) no later than thirty (30) days after the date the scheduling order is entered (*see* C.A. No. 13-1628 D.I. 84 ¶ 2);

- b. the fact discovery cut off shall be April 22, 2016, as proposed by Defendants (*see id.* ¶ 5.a), and as is reasonable and appropriate under the circumstances, which have changed since the Court last considered this issue in the context of these cases more than six months ago;

- c. document production shall be substantially completed by February 22, 2016 (*see id.* ¶ 5.c);

- d. the total number of hours for depositions, including minimum and maximum per party, and "additional deposition issues" (*see id.* ¶ 5.e.i.(a)-(b) & 5.e.ii), shall be as "Defendants" propose, which are reasonable and appropriate provisions given the size and complexity of these cases;[2]

---

[1] It appears that Medtronic opposes Stryker's motion, since Stryker's preference is to proceed on its antitrust counterclaims with respect to the four patents while staying only the patent infringement/validity proceedings with respect to those same four patents. (*See* D.I. 75; *but see* D.I. 69) Medtronic's position is largely irrelevant at this point given that the Court is staying proceedings on Stryker's antitrust counterclaims (see above).

[2] The further proposal of Defendants Wright and Dfine regarding limiting the number of Rule 30(b)(6) notices is REJECTED as unnecessary.

3

e. expert reports shall be due on June 22, 2016, August 10, 2016, and August 31, 2016, with expert discovery closing on October 31, 2016, reflecting the essentially agreed-upon lengths of time required for each of these events and the Court's adoption of Defendants' proposed cut off for fact discovery (*see id.* ¶ 5.f.i);

f. paragraph 5.g, regarding "Discovery Matters," is REJECTED, as all discovery disputes will be referred to a special master and should be brought to the attention of the special master through whatever procedures he or she adopts;

g. Plaintiff's proposal regarding its 4(a) disclosures is ADOPTED (*see id.* ¶ 6.a) and any deficiencies Defendants believe are contained in Plaintiff's disclosures should be treated as a discovery dispute, and brought to the attention of the special master;

h. Plaintiff's proposal for Defendants to produce their initial invalidity contentions (*see id.* ¶ 6.d) is ADOPTED, as it is reasonable and as the Court is not adopting Defendants' proposals regarding "Patent Group A;"

i. Defendants shall provide final invalidity contentions no later than March 31, 2016 (*see id.* ¶ 6.f);

j. Defendants' proposal regarding supplementation (*see id.* ¶ 7) is ADOPTED;

k. the claim construction process shall proceed as follows (*see id.* ¶¶ 14-16):

    (1) Defendants' proposed dates for claim construction issue

identification and briefing are ADOPTED, with the exception that the Court will NOT at this time schedule a status teleconference;

(2) the claim construction hearing will be held on Thursday, December 3, 2015 beginning at 10:00 a.m. – each side will be allocated a maximum of three (3) hours for its presentation;

(3) while the parties must include in the joint claim construction chart all claim terms that they believe to be material and disputed in all of the patents-in-suit, the claim construction process set forth in the scheduling order will be limited as follows:

    (i) the Court will construe a maximum of 22 disputed terms (i.e., two per patent-in-suit, although the parties need not present two disputes for each patent-in-suit and may present more than two disputes per patent-in-suit, provided that the maximum number of disputes altogether is 22);

    (ii) each side may file opening and answering claim construction briefs of up to thirty (30) pages (so the maximum total of pages of

        claim construction briefing the Court will receive will be 120); and

    (iii) in the event the parties cannot agree on the 22 terms that should be construed in connection with the process described here, their dispute shall be treated as a discovery matter and shall be brought to the attention of the special master for resolution;

 (4) the parties' competing proposals for categorizing the various patents-in-suit (i.e., Group 1, Group 2, Group 3 or Group A, Group B, Group C) are REJECTED;

l. the case dispositive motion date to be included in paragraph 17 is November 30, 2016;

m. the page limits set out in paragraph 17 shall apply to each SIDE, as proposed by Plaintiff – should any party believe it requires additional pages for briefing, it shall in advance of filing its case dispositive and Daubert motion(s) file a motion for leave to exceed these page limits by a specific, reasonable number of pages, and explain the necessity for such an extension;

n. the Court will hear oral argument on any case dispositive and/or Daubert motions on February 28, 2017 beginning at 9:00 a.m., and at that hearing also consider any specific proposals the parties will

have by then made for the sequence of trials (*see id.* ¶ 18);

o. the pretrial conference will be held on June 2, 2017 beginning at 9:00 a.m., and the proposed pretrial order shall be filed no later than May 15, 2017; and

p. each trial in these matters will be scheduled for separate 5-10 day jury trials with the first trial beginning on June 12, 2017 (*see id.* ¶ 24).

_____
HON. LEONARD P. STARK
UNITED STATES DISTRICT COURT